**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                            **Case No. 8:06-cr-469-T-27TBM**

**ERIC LEMON,**

    **Defendant.**
                                      /

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before the court for a Report and Recommendation on the Defendant's **Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis** (Doc. 99), which I construe as a motion.[1] For reasons set forth herein, I recommend that the motion be denied.

On May 23, 2008, Defendant, a federal prisoner serving a sentence imposed by this court on June 6, 2007, filed a Notice of Appeal (Doc. 97) seeking to appeal the court's Order of May 14, 2008 (Doc. 95), denying **Defendant's *pro se* Motion According to Title 18 U.S.C. Section 3582(c)(2), 3553(a), 1-7 Factors, U.S.S. Guideline Section 1B1.10(c), and 1B1.11(a), and Federal Criminal Rule 43** (Doc. 93).

    The Order recites the following pertinent findings and conclusions:

    Defendant pleaded guilty to one count of conspiracy to distribute fifty
    (50) grams or more of cocaine base (crack cocaine) in violation of 21
    U.S.C. § 841(a)(1). Based on the amount of crack cocaine involved

---

[1] The affidavits are not accompanied by a separate motion.

> in the offense, the PSI initially set Defendant's base offense level at 32, however, Defendant's sentence did not rest on § 2D1.1 of the [U.S.S.G..]. Because Defendant was found to have at least two prior state felony convictions for controlled substance offenses, he was classified as a career offender and his base offense level was increased to 34 under § 4B1.1 of the Sentencing Guidelines,. not 2D1.1. Therefore the recent revisions pertaining to the crack cocaine quantity do nothing to change the Defendant's guideline range and do not provide a basis for the court to reduce his sentenced in accordance to 18 U.S.S.G. § 3582(c).

*See* (Doc. 95).

Attached herewith is an order of the Eleventh Circuit Court of Appeals entered in a similar case out of this district, styled of *United States of America v. Johnie Oliver*, Case No. 08-11140-E.[2] The ruling by Judge Stanley Birch denying Mr. Oliver's request to proceed *in forma pauperis* is instructive:

> Appellant also was not entitled to a sentence reduction under Amendment 706, which lowered the base offense level for crack cocaine offenses by two levels, see U.S.S.G., App. C, Amend. 706, and was made retroactively applicable, see U.S.S.G. § 1B1.10(c), because it did not have the effect of lowering appellant's applicable guideline range. Although the Sentencing Commission lowered the offense levels in U.S.S.G. § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under U.S.S.G. § 4B1.1, which is what determine appellant's base offense level and sentencing range. Because appellant's sentencing guideline range was based on his career offender designation under § 4B1.1, he did not meet the eligibility requirements for a reduction of his sentence under § 3582(c)(2). . . .
>
> Accordingly, appellant's motion for leave to proceed in forma pauperis is DENIED because the appeal is frivolous. *See. Ellis v. United States,* 356 U.S. 674, 674-75 (1958)

The district court's findings bring this case within the Eleventh Circuit order declaring that such appeals as Mr. Lemon seeks to pursue are frivolous. Even assuming that

---

[2] In this court, the case number was 8:04-cr-227-T-26MAP.

Mr. Lemon has satisfied the requirements of Rule 24(a)(1) of the Federal Rules of Appellate Procedure, which he has not, the motion should be denied as the appeal is not taken in good faith and is otherwise frivolous.  Alternatively, assuming that he had the prior approval of this court to proceed *in forma pauperis*, which he did not on this motion, the motion should be denied with a certification that the appeal is not taken in good faith and is otherwise frivolous for the reasons set forth in this court's prior Order, as well as those in *Oliver*.  *See* Fed. R. App. P. 24(a)(3).

Because the appeal from this order is frivolous and cannot be made in good faith, I recommend that the court construe Defendant's **Affidavit Accompanying Motion to Appeal In Forma Pauperis** (Doc. 99) as a motion to proceed *in forma pauperis* and to **DENY** the motion.

> Respectfully submitted on this
> 2nd day of July 2008.
>
> _____
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service may constitute a waiver of the issues raised herein and shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02.


Copies furnished to:
United States Attorney's office
Attorney for Defendant